---

**SARAH MARTIN,**

      Plaintiff,

v.                                          Case No. 26-CV-00776

**UNITED OF OMAHA LIFE INSURANCE COMPANY,**

      Defendant.

---

## COMPLAINT

---

Plaintiff, Sarah Martin, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendant hereby states as follows:

### PARTIES

1. Plaintiff Sarah Martin is an adult resident of Kenosha County in the State of Wisconsin.

2. Defendant United of Omaha Life Insurance Company ("United of Omaha"), on information and belief, is a corporation organized under the laws of the State of Nebraska and licensed to do business in the State of Wisconsin. United of Omaha's registered agent for service of process in State of Wisconsin is Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703.

### JURISDICTION AND VENUE

3. The Court has original jurisdiction over Plaintiff Martin's claim under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because the breaches alleged herein occurred in this district and a substantial part of the events and omissions giving rise this action occurred in this district.

5. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTUAL ALLEGATIONS

6. Plaintiff Martin worked for Lake County Crisis Center for the Prevention and Treatment of Domestic Violence, Inc. as a Team Up Community Advocate from March 1, 2023, until May 15, 2024, when she ceased working due to her medical conditions.

7. During her employment with Lake County Crisis Center for the Prevention and Treatment of Domestic Violence, Inc., Plaintiff Martin was covered by a long-term disability insurance ("LTDI") policy under an employee welfare benefit plan ("Plan") for which United of Omaha serves as claims administrator and insurer.

8. Plaintiff Martin ceased working for Lake County Crisis Center for the Prevention and Treatment of Domestic Violence, Inc., on May 15, 2024, because of her medical conditions.

9. Plaintiff Martin filed a claim with United of Omaha for LTDI benefits under the Plan.

10. United of Omaha determined that Plaintiff Martin was disabled under the plan as of September 19, 2023, and approved Plaintiff Martin's claim with benefits payable as of August 7, 2024 once Ms. Martin satisfied the Plan's elimination period after an unsuccessful attempt to return to work.

2

11. On August 1, 2025, United of Omaha denied Plaintiff Martin's claim beyond July 11, 2025.

12. On January 26, 2026, Plaintiff Martin timely appealed United of Omaha's denial of her LTDI benefits.

13. On March 23, 2026, Plaintiff Martin supplemented her appeal of United of Omaha's denial of her LTDI benefits.

14. On March 25, 2026, United of Omaha denied Plaintiff's Martin's appeal and upheld its decision denying her claim for LTDI benefits.

15. United of Omaha was responsible for determining whether Plaintiff Martin was eligible for LTDI benefits under the Plan.

16. United of Omaha was responsible for paying Plaintiff Martin's LTDI benefits under the Plan.

17. Plaintiff Martin submitted all necessary materials, including all exhibits, to United of Omaha at the time of her appeal.

18. Plaintiff Martin submitted sufficient medical documentation in support of her disability to United of Omaha.

19. Plaintiff Martin submitted all information requested by United of Omaha with her claim.

20. United of Omaha failed to consider all the issues regarding Plaintiff Martin's claim.

21. United of Omaha ignored clear medical evidence of Plaintiff Martin's medical conditions and disability as provided with her claim and appeal.

22. United of Omaha failed to notify Plaintiff Martin of the additional material necessary in order for her to perfect her claim and an explanation of why that material was necessary.

23. United of Omaha failed to adequately explain why it rejected, or ignored, specific evidence in Plaintiff Martin's file.

24. United of Omaha failed to engage in a meaningful dialogue with Plaintiff Martin.

25. United of Omaha failed to adequately explain its reasons for denying Plaintiff Martin benefits.

26. United of Omaha conducted a selective review of the information and documentation submitted by Plaintiff Martin in support of her claim.

27. United of Omaha failed to adequately assess Plaintiff Martin's employability before determining that she is not sufficiently disabled to qualify for benefits.

28. At all times since September 18, 2023, Plaintiff Martin has remained disabled as defined by the Plan.

29. At all times material to this case, the Plan has remained in full force and effect.

30. United of Omaha's denial of Plaintiff Martin's claim for LTDI benefits under the Plan caused Plaintiff Martin to suffer the loss of benefits and to incur expenses.

## FIRST CLAIM FOR RELIEF
## DENIAL OF LTDI BENEFITS IN VIOLATION OF 29 U.S.C. § 1132(a)(1)(B)

31. The preceding paragraphs are reincorporated by reference as though set forth herein.

32. Plaintiff Martin has been and remains disabled under the Plan at all times since September 18, 2023.

33. Because the Plan was issued in the State of Illinois, the standard of review applicable to this matter is *de novo* as required by Ill. Admin. Code tit. 50, §2001.3 and *Fontaine v. Met. Life Ins. Co.*, 800 F.3d 883 (7th Cir. 2015).

34. United of Omaha wrongfully denied LTDI benefits due to Plaintiff Martin.

35. United of Omaha interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, United of Omaha inconsistently interpreted the terms and conditions of the Plan from one case to the next.

37. As both the payer of the claims and the adjudicator of claim eligibility, United of Omaha has an inherent conflict of interests.

38. United of Omaha failed to provide a full and fair review by failing to consider all information submitted by Plaintiff Martin throughout its appeal process.

39. United of Omaha failed to provide a full and fair review by failing to provide Plaintiff Martin with an adequate opportunity to rebut information relied upon by United of Omaha in deciding to uphold its denial of Plaintiff's claims.

40. For these and other reasons, United of Omaha wrongfully denied Plaintiff Martin LTDI benefits, and Plaintiff Martin is entitled to said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Martin demands the following relief:

i) Judgment against United of Omaha in the amount of all retroactive LTDI benefits owed to Plaintiff Martin under the Plan plus prejudgment interest;

5

ii)      A declaration of Plaintiff Martin's continued eligibility for all LTDI benefits under the Plan;

iii)      An award of costs and attorneys' fees related to this action; and

iv)      Any other relief that the Court deems just and equitable.

Dated: May 1, 2026

Respectfully submitted,

**Hawks Quindel, S.C.**
Attorneys for Plaintiff Sarah Martin


By:      _s/Timothy P. Maynard_
Timothy P. Maynard, WI SBN 1080953
Connor J. Clegg, WI SBN 1118534
Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail:      tmaynard@hq-law.com
             cclegg@hq-law.com